## STATE OF DELAWARE *vs.* ISAAC BURTON.

Sussex County, October Term, 1895.

**Deadly Weapons. Assault.**—One who is indicted under the statute forbidding the pointing of a gun, pistol, or other firearm, may justify upon the ground that he was resisting force to repel an attack, but he could only use such force as was necessary to repel that used against him.

**Same.**—Every small resistance or attack upon persons or property will not justify resorting to the use of a deadly weapon.

**Same. Evidence.**—On the trial of an indictment for pointing a deadly weapon, where the defendant testifies in his own behalf, he cannot be asked on cross-examination whether he had previously been convicted of the same offence.

This was an indictment, under the statute, for pointing a pistol at Lorenzo B. Hearne. At the trial, the defendant having testified in his own behalf, under the statute, was asked by *Nicholson*, Attorney-General, in cross-examination, the following question : " Have you ever been convicted for pointing a pistol at a man ?"

The question was objected to by *White*, for the defendant, on the ground that it was immaterial.

*Nicholson*, Attorney-General, contended that it was admissible. It is settled that a witness might be cross-examined as to specific facts tending to disgrace him, for the purpose of imparing his credibility, though said facts be purely irrelevant and collateral to the main issue. Stephen's Digest of the Law of Evidence, 225. This general rule applies to parties when they become witnesses, *People vs. Casey*, 72 N. Y., 393 ; and in a trial for an assault, the question whether he had not committed an assault upon the person at another time was allowed to be asked of the defendant, *People vs. Irving*, 95 N. Y., 541.

MARVEL, J. The general rule cited by the Attorney-General

is the law, but it does not apply in this case. A conviction under this statute would not necessarily disgrace or degrade the defendant or have any tendency to impair his credibility. The offense under the statute might or might not be an assault, as the statute provides that the intentional pointing in jest or otherwise shall constitute the offense. The case of conviction of an assault is therefore not parellel. We rule the question out.

MARVEL, J., (charging the jury).

Isaac Burton stands charged in this indictment with pointing a pistol at Lorenzo B. Hearne, under the provision of the statute, which is as follows: "It shall be unlawful for any person, in jest or otherwise, intentionally to point a gun, pistol or other firearm at or towards any other person at any time or place."

The question you are to decide is, whether Mr. Burton at the time charged intentionally pointed a pistol at the prosecuting witness, Lorenzo T. Hearne.

It is attempted to justify upon the ground of resisting force that was used against him. We would say to you, gentlemen, that he had the right to protect his person by whatever force was necessary but he could only use so much force as was necessary to resist the force that was actually used against him; and if he used more than was necessary, he is liable. He cannot at every small resistance or attack upon him or his property justify resorting to the use of a deadly weapon; but can only resist force that is offered against him by that which is necessary to defend himself and his property. If he should intentionally point a gun or pistol or other firearm at or towards another person at any time or place, the statute says he shall be liable.

If Mr. Burton pointed a pistol towards the prosecuting witness, and from the evidence you believe it was not necessary, that there was no excess of force or threats against his person to justify him in resorting to the use of a deadly weapon, and he did use it and pointed it at Lorenzo T. Hearne, as has been charged in the in-

dictment, then you should find him guilty in manner and form as he stands indicted. Otherwise, your verdict should be not guilty. .

If you have any doubt as to the guilt of the defendant, you should give him the benefit of that doubt.

*Verdict not guilty.*